25-730-cv
*Johnson v. Starwood Hotels & Resorts Worldwide, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
>    *Circuit Judges.*

---

Joseph Johnson,

>    *Plaintiff-Appellant,*

>    v.                                                                 25-730-cv

Starwood Hotels & Resorts Worldwide, LLC,

>    *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:            Joseph Johnson, *pro se*, Pomona, NY.

FOR DEFENDANT-APPELLEE:            Steve M. Stimell and Laurie Belony, Bryan Cave Leighton

Paisner, LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Arun S. Subramanian, *District Judge*; Valerie Figueredo, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on March 7, 2025, is **AFFIRMED**.

Joseph Johnson, proceeding *pro se*, appeals the district court's judgment dismissing his second amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and for violating Federal Rule of Civil Procedure 8. Johnson commenced this action against "The Westin NY at Times Square/Marriott International," seeking to raise various claims, including for employment discrimination, and attaching hundreds of pages of exhibits. After Johnson filed a certificate of service for a proposed default judgment, Defendant-Appellee Starwood Hotels & Resorts Worldwide, LLC ("Starwood") (named in the action as "The Westin New York at Times Square") requested an extension of time as it had only then received notice of the action. The magistrate judge granted Starwood's request for an extension and denied without prejudice Johnson's motion for default judgment. Starwood thereafter moved to dismiss the complaint, asserting that Johnson's complaint failed to state a claim. The district court granted Starwood's motion. *See generally Johnson v. Westin NY at Times Square/Marriot Int'l*, No. 23-cv-1156 (AS), 2024 WL 2055346 (S.D.N.Y. May 8, 2024). However, the district court granted leave to amend, warning that any subsequent complaint would need to abide by Rule 8(a)(2). *Id.* at *3–4. After Johnson filed a first amended complaint that spanned more than 1,300 pages, the

2

district court held a scheduling conference where it stated that Johnson would be permitted to file a second amended complaint only after seeking assistance from the *pro se* clinic at the Southern District of New York.

Johnson then filed a second amended complaint, which listed "charges," invoked numerous federal statutes and New York penal law, and again included hundreds of pages of exhibits. The list of "charges" included allegations of whistleblower violations, religious discrimination, disparate treatment, harassment and hostile work environment, retaliation, unfair labor practices, hate crimes, grand larceny, blackmail, embezzlement, and criminal negligence, among other things. Starwood moved to dismiss the second amended complaint for failure to comply with Rule 8 and for failure to state a claim under Rule 12(b)(6). The district court granted the motion, concluding that Johnson failed to state a claim and that Johnson's prolix complaint violated Rule 8(a)(2). *See generally Johnson v. Starwood Hotels & Resorts Worldwide, LLC*, No. 23-cv-1156 (AS), 2025 WL 743994 (S.D.N.Y. Mar. 7, 2025). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.[1]

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks and citation omitted). "To survive a motion to

---

[1] On appeal, Johnson moves for "Civil Action for Abuse of Fraud. FRAP 10." Starwood moves for an extension of time to oppose the motion. Starwood has since filed an opposition to Johnson's motion. We grant Starwood's motion to file a late opposition.

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). We review the dismissal of a complaint on the basis of Rule 8, as well as the denial of leave to re-plead, for abuse of discretion. *Salahuddin v. Cuomo*, 861 F.2d 40, 42–43 (2d Cir. 1988); *accord Simmons v. Abruzzo*, 49 F.3d 83, 86–87 (2d Cir. 1995). We review a district court's ruling on a motion for default judgment also for abuse of discretion. *Shah v. N.Y.S. Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999). Because Johnson "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Shakirov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

On *de novo* review, we conclude that the district court properly dismissed Johnson's second amended complaint.[2] First, the district court correctly determined that Johnson failed to state a plausible Title VII employment discrimination claim. "[F]or a discrimination claim to survive a motion to dismiss, absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (alterations adopted) (quoting *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015)). Here, Johnson commenced this action using a form employment discrimination complaint and checked a box for religious discrimination, and in his second amended complaint

---

[2] As a threshold matter, Starwood argues that "Johnson's brief should be stricken and his appeal should be dismissed because he ignored the briefing requirements in Rules 28 and 32 and Local Rule 28.1," among other things. Appellee's Br. at 12. However, because we find that Johnson's challenges on appeal fail on the merits, we need not address Starwood's alternative procedural arguments.

4

continued to make references to harassment and discrimination. Even assuming Johnson sufficiently alleged adverse actions, his allegations failed to offer even minimal support for a plausible discrimination claim. As the district court noted, it appears that Johnson may have been attempting to assert a disparate-treatment claim for failure to accommodate a religious practice. *See Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) ("[W]hen an employee has a genuine religious practice that conflicts with a requirement of employment, his or her employer, once notified, must offer the aggrieved employee a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship."). In particular, Johnson attached hundreds of pages of exhibits to his second amended complaint, including what appear to be communications with his employer about mandatory COVID-19 testing for unvaccinated employees. However, even assuming that Johnson objected to a COVID-19 vaccination due to his religious beliefs, he did not plausibly allege that the alternative COVID-19 testing protocol was an unreasonable accommodation. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 292 (2d Cir. 2021) (per curiam) ("To avoid Title VII liability for religious discrimination, an employer need not offer the accommodation the employee prefers." (internal quotation marks and citation omitted)). Similarly, although Johnson appears to raise the fact that Starwood denied him vacation in May 2022, he does not allege that he needed that vacation for religious purposes. In short, Johnson's conclusory assertions of religious discrimination were insufficient to state a claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Second, the district court also correctly held that Johnson failed to state a plausible Title

5

VII hostile work environment because Johnson's assertions that he was subjected to a "hostile" and "toxic" work environment were similarly vague and conclusory. Appellant's Br. at 22. "To establish a hostile work environment under Title VII . . . a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Littlejohn*, 795 F.3d at 320–21 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Here, although Johnson appears to raise certain disputes he had with other employees in the second amended complaint, none of those disputes are alleged to relate to his religion. In short, he has failed to plausibly allege that he was subjected to a hostile work environment based on his religion.[3]

Third, the district court did not abuse its discretion by dismissing Johnson's second amended complaint for violating Rule 8. Although *pro se* litigants are entitled to "special solicitude" and we liberally construe *pro se* submissions "to raise the strongest arguments that they suggest," *pro se* litigants are "not exempt . . . from compliance with relevant rules of procedural and substantive law[.]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted). Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant,

---

[3] Johnson's second amended complaint includes several additional claims, including, *inter alia*, allegations that Starwood violated the law by sending out notices of a class action settlement in an unrelated matter. For substantially the same reasons set forth in the district court's decision, we affirm the dismissal of these additional claims under Rule 12(b)(6).

to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Salahuddin*, 861 F.2d at 42 (internal citation omitted).

Here, we agree with the district court that Johnson's second amended complaint was generally indecipherable. The complaint contained sparse narrative allegations, concerning apparently unrelated incidents, parties, and entities, interspersed among hundreds of pages of unorganized exhibits, and referenced numerous federal and state laws, including many criminal provisions. Although it is generally "an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8[,]" a court may "dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible[.]" *Id.* In this case, the district court twice granted Johnson leave to amend, gave him time to seek assistance at the *pro se* clinic, and explicitly warned him that failure to abide by Rule 8(a)(2) would result in dismissal of his action. Nevertheless, Johnson's second amended complaint remained prolix, unstructured, and continued to consist primarily of hundreds of pages of unorganized exhibits. Accordingly, the district court's dismissal on the basis of Rule 8 without further leave to amend was not an abuse of discretion.

Finally, the district court did not abuse its discretion by denying Johnson's motion for default judgment. We have "a strong preference for resolving disputes on the merits," and "a default judgment is the most severe sanction which the court may apply[.]" *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (internal quotation marks and citation

7

omitted). Accordingly, "[d]efault judgments are generally disfavored and are reserved for rare occasions." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (internal quotation marks and citation omitted). Here, Johnson sought default judgment after Starwood (named as "The Westin NY at Times Square/Marriott International") did not respond to his original complaint. However, upon receiving notice of his default judgment motion, Starwood requested an extension of time to respond to the complaint, explaining that it had not been properly served and therefore had only just received notice of the action. Given the concern about defective service, the district court did not abuse its discretion by denying Johnson's motion for default judgment without prejudice.

*     *     *

We have considered all of Johnson's remaining arguments and find them to be without merit.[4] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] For the same reasons described above, we deny Johnson's motion for "Civil Action for Abuse of Fraud. FRAP 10," as well as his motion to file a supplemental brief.